# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| vs. | § | Case No. 4:06cr27 |
| | § | (Judge Schell) |
| BIJAN SEIFI | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is the request for revocation of Defendant's supervised release. After the District Judge referred the matter to this Court for a report and recommendation, the Court conducted a hearing on May 24, 2010, to determine whether Defendant violated his supervised release. Defendant was represented by Denise Benson. The Government was represented by Mandy Griffith.

On January 4, 2007, Defendant was sentenced by the Honorable Richard A. Schell to thirty-three (33) months' custody followed by three (3) years of supervised release for the offense of Production of Identification Documents. On July 8, 2009, Defendant completed his period of imprisonment and began service of his supervised term.

On May 11, 2010, the U.S. Pretrial Services Officer filed a Petition for Warrant for Offender Under Supervision. The petition asserted that Defendant violated the following mandatory condition: (1) the defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within fifteen days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court. The petition also alleged a violation of the following standard conditions: (1) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician; and (2) the

defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month. The petition also alleged violations of the following special condition: (1) the defendant shall participate in a program of testing and treatment for drug abuse, under the guidance and direction of the U.S. Probation Office, until such time as the defendant is released from the program by the probation officer.

The petition alleges that Defendant committed the following acts with regard to the violations: (1) The defendant submitted urine specimens on March 17, 2010, March 22, 2010, and April 19, 2010, that tested positive for Cocaine; (2) The defendant failed to report for scheduled office visits at the U.S. Probation Office on May 6, 2010, and May 10, 2010. The Defendant failed to submit a written monthly report for the month of April 2010; and (3) The defendant failed to report as directed for drug testing at Bob Alterman, LCDC on April 9, 2010, April 12, 2010, May 3, 2010, May 7, 2010, and May 11, 2010. The defendant also failed to report for group drug counseling sessions on May 3, 2010, May 5, 2010, and May 7, 2010, and individual counseling sessions on March 29, 2010, and April 26, 2010, at Bob Alterman, LCDC.

Prior to the Government putting on its case, Defendant entered a plea of true to all of the violations. The Court recommends that Defendant's supervised release be modified.

## **RECOMMENDATION**

The Court recommends that the District Judge modify Defendant's supervised release. Defendant's supervised release should be modified as follows: (1) Defendant shall reside in and participate in a residential drug treatment program at Oak Haven Recovery Center in Marshall, Texas; (2) Defendant shall be placed on home detention for a period not to exceed 180 days, to commence immediately upon direction of the probation officer. During this time, the Defendant shall remain in his place of residence except for employment and other activities approved in

advance by the U.S. Probation Officer; (3) the Defendant shall maintain a telephone at his place of residence without "call forwarding," "a modem," "Caller I.D.," "call waiting," or portable cordless telephones for the above period; and (4) At the direction of the probation officer, the Defendant shall wear an electronic monitoring device and follow electronic monitoring procedures specified by the probation officer. Defendant shall pay the cost associated with his program of electronically monitoring.

After the Court announced the recommended sentence, Defendant executed the consent to revocation of supervised release and waiver of right to be present and speak at sentencing. The parties also waived the fourteen day period for objections.

**SIGNED this 25th day of May, 2010.**

_____
AMOS L. MAZZANT
UNITED STATES MAGISTRATE JUDGE