**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | CRIMINAL NO. 4:06CR27 |
| v. | § | |
| | § | |
| BIJAN SEIFI | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Pending before the Court is the request for revocation of Defendant's supervised release. After the District Court referred the matter to this Court for a report and recommendation, the Court conducted a hearing on August 20, 2010 to determine whether the Defendant violated his supervised release. The Defendant was represented by Robert Arrambide. The Government was represented by Tracey Batson.

On January 4, 2007, Defendant was sentenced by the Honorable Richard A. Schell, United States District Judge, to a sentence of 33 months imprisonment followed by a 3-year term of supervised release for the offense of production of identification documents. Defendant's term of supervised release began on July 9, 2009.

On August 18, 2010, the U.S. Probation Officer filed a Petition for Warrant or Summons for Offender under Supervision (Dkt. 47). The petition asserts that Defendant violated the following

1

conditions of supervision: (1) Defendant shall refrain from any unlawful use of a controlled substance, Defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the Court, and Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician; (2) Defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month; (3) Defendant shall notify the probation officer at least ten days prior to any change of residence or employment; (4) Defendant shall participate in a program of testing and treatment for drug abuse, under the guidance and direction of the U.S. Probation Office, until such time as Defendant is released from the program by the probation officer; (5) Defendant shall be placed on home detention for a period not to exceed 180 days, to commence immediately upon direction of the probation officer, during this time, Defendant shall remain in his place of residence except for employment and other activities approved in advance by the U.S. Probation Officer, Defendant shall maintain a telephone at his place of residence without "call forwarding," "a modem," "Caller I.D.," "call waiting," or portable cordless telephones for the above period, at the direction of the probation officer, Defendant shall wear an electronic monitoring device and follow electronic monitoring procedures specified by the probation officer, and Defendant shall pay the cost associated with his program of electronic monitoring; and (6) upon the guidance and direction of the U.S. Probation Office, Defendant shall participate in any combination of psychiatric, psychological, or mental health treatment as deemed appropriate by the

treatment provider.

The petition alleges that Defendant committed the following violations: (a) Defendant submitted urine specimens on March 17 and 22 and April 19, 2010 that tested positive for cocaine; (b) Defendant failed to report for scheduled office visits at the U.S. Probation Office on May 6 and 10 and August 2, 2010, and Defendant failed to submit a written monthly report within the first five days of the month for the months of April, June and July 2010; (c) Defendant failed to notify the U.S. Probation Officer of this termination of employment at P.F. Chang's, and an unannounced employment visit on August 3, 2010 by U.S. Probation Officer Teri Garza, resulted in contact with restaurant manager, who indicated Defendant had not been to work since July 25, 2010 and was no longer an employee; (d) Defendant failed to report as directed by drug testing at Bob Alterman, LCDC on April 9 and 12, and May 3, 7, and 11, and August 11, 2010, Defendant also failed to report for group drug counseling sessions on May 3, 5, and 7, 2010, and individual counseling sessions on March 29 and April 26, 2010, at Bob Alterman, LCDC, and Defendant failed to attend aftercare meetings as directed following his discharge from Oak Haven residential treatment; (e) Defendant intentionally damaged the electronic monitoring equipment on July 5, 2010 and owes BI Monitoring $1,075 for the damaged electronic monitoring equipment, and Defendant failed to comply with his approved electronic monitoring time schedule on July 17, 20, 27, 28, and 29, 2010, and August 1, 3, 4, 5, 7, 9, 11, 12, 13, 14, 15, 16, and 17, 2010; and (f) Defendant failed to attend mental health counseling sessions at Dr. Amy Williams, Ph. D., on August 2 and 12, 2010.

At the hearing, Defendant entered a plea of true to the alleged violations set forth in paragraph (5). Based on this plea, the Court finds that Defendant has violated the terms of his supervised release and that his supervised release should be revoked. Defendant waived his right to allocute before the district judge and his right to object to the report and recommendation of this Court.

## RECOMMENDATION

Pursuant to the Sentencing Reform Act of 1984 and having considered the arguments presented at the hearing, the Court recommends that the Defendant be committed to of the Bureau of Prisons to be imprisoned for a term of 7 months, with no supervised release to follow.

**SIGNED this 24th day of August, 2010.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE